UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT LEE,                             )
                                        )      14CV6511
                    Plaintiff,          )      JUDGE CHANG
                                        )      MAG. JUDGE FINNEGAN
        v.                              )
                                        )
WOODLAWN COMMUNITY DEVELOPMENT,         )
CORPORATION and CHICAGO HOUSING         )
AUTHORITY,                              )
                                        )
                    Defendants.         )

## COMPLAINT

NOW COMES Plaintiff, ROBERT LEE, on his own behalf, and for his Complaint against WOODLAWN COMMUNITY DEVELOPMENT CORPORATION and CHICAGO HOUSING AUTHORITY, states a follows:

### JURISDICTION AND VENUE

1.  Plaintiff brings this action under the following Acts:

    a.  Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. ("ADA"),

    b.  Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. §794 (the "Rehabilitation Act"),

    c.  Fair Housing Amendment Act, 42 U.S.C. §3601, et. seq., §3604, §3617 (the "FHAA).

2.  This Court has jurisdiction pursuant to the following statutes:

    a.  28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

    b.  28 U.S.C. §1343 (3) and (4) which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

1

c. 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

3. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that gave rise to this Complaint occurred in this district.

**PARTIES**

4. Plaintiff is a citizen of the United States and resides in Cook County, Illinois, which is in this judicial district.

5. Defendant, WOODLAWN COMMUNITY DEVELOPMENT CORPORATION, (hereinafter referred to as "WOODLAWN"), is a not-for-profit corporation organized and existing under the laws of the State of Illinois and engaged in the business of managing real estate in the State of Illinois.

6. Defendant, CHICAGO HOUSING AUTHORITY, (hereinafter referred to as "CHA"), is a municipal corporation organized and exiting under the laws of the State of Illinois and engaged in the business of providing residential housing in the State of Illinois.

7. At all times relevant hereto, Defendants, CHA and WOODLAWN were public entities for the purposes of the ADA pursuant o 42 U.S.C. §12131(1), and were located in the County of Cook, State of Illinois, which is in the judicial district. Further, Defendants were either (a) entities that provided programs and/or activities receiving federal financial assistance acting under the color of state and federal law or were (b) entities engaged in the management of properties on behalf of another entity that provided programs and/or activities receiving federal financial assistance acting under color of state and federal law.

2

## GENERAL ALLEGATIONS

## COUNT I - BREACH OF IMPLIED WARRANTY OF HABITABILITY

1. On or about May 24, 2012, Plaintiff executed a written lease with Defendant, CHICAGO HOUSING AUTHORITY, (hereinafter referred to as "CHA"), through its agent, WOODLAWN COMMUNITY DEVELOPMENT CORPORATION, (hereinafter referred to as "WOODLAWN") regarding the premises located at 6401 S. Yale, Apartment 712, Chicago, IL 60621. (See FY2011 Residential Lease Agreement Parts I and II attached hereto and incorporated herein by reference as Exhibit "A" and "The CHA Admissions and Continued Occupancy Policy, (ACOP) incorporated into the lease agreement, (see Part 1, page 1 of FY2011 Residential Lease Agreement), attached hereto and incorporated herein as Exhibit "B".

2. On or about May 24, 2012, Plaintiff took possession of said unit.

3. After an initial prorated payment of $43.00. Plaintiff's monthly rent was $168.00.

4. That on or about April 27, 2012, prior to taking possession of said unit, Plaintiff was provided an opportunity by Defendant, WOODLAWN's agent, CHARLINA THOMAS, to view apartment 712.

5. On or about April 27, 2012, upon viewing the unit, Plaintiff observed that the apartment was in a deplorable and unhealthy condition and was not fit for human habitation in that it was roach infested, there was rotted food and roaches in the refrigerator as well as in the refrigerator moldings, the cabinets under the sink were deteriorated and roach infested, the stove with filthy, the windows were dirty and clothes were strewn about the living-room and bedroom.

6. Upon viewing the apartment, Defendant, WOODLAWN's agent, CHARLINA THOMAS, informed Plaintiff that everything would be new by the time he moved into the apartment.

3

7.  At the time Plaintiff took possession of the apartment on May 24, 2012, nothing in the apartment was new and the apartment was still roach infested, however, Defendant, WOODLAWN's agent, LAVERNE CARTER, informed Plaintiff that, if he did not take possession of the unit at that time he would have to be placed on a another waiting list and would have to wait another year for an apartment.

8.  To date, the conditions referred to in paragraph 5 above have not been rectified.

9.  As a result of Defendant CHA and Defendant WOODLAWN's failure to rectify the conditions referred to in paragraph 5 above, Plaintiff has had to endure years of severe roach and food infestation financial loss and other unhealthy living conditions.

10. From August 10, 2012 to February 2014, Plaintiff's bathroom sink fell 5 times, resulting in injury to Plaintiff on one occasion.

11. The bathroom sink in Plaintiff's apartment was not repaired until February 2014.

12. Prior to the sink being repaired, Plaintiff and certain of his guests were required to use his kitchen sink for bathing and sanitary needs.

13. That the above conditions constitute a substantial and serious violation by CHA of the implied warranty of habitability which applies to residential apartment leases in the State of Illinois and a breach of the landlord's obligation "to maintain the dwelling unit and development in a decent, safe and sanitary condition", "comply with the requirements of applicable city building codes, housing codes, and HUD regulations materially affecting health and safety, and to "make necessary repairs to the dwelling unit" as required under Part I, Section 11(a-c) of the FY2011 Residential Lease Agreement.

14. That Defendant, CHA, has filed in the Circuit Court of Cook County, an eviction action against Plaintiff entitled "***Woodlawn Community Development Corporation, as agent of***

4

*Chicago Housing Authority v. Robert Lee*" case number 14 M1-350346 which case is currently pending in the First Judicial District Circuit Court. (See copy of Complaint attached hereto and incorporated herein by reference as Exhibit "C").

**WHEREFORE** Plaintiff prays for relief as follows:

A. That Defendant Chicago Housing Authority's Complaint now pending in the Cook County Circuit Court as case number 14 M1-350346 be consolidated with the instant Complaint for the sake of judicial economy.

B. That Defendant, CHA's, Complaint be dismissed with prejudice and costs to Defendant;

C. That Plaintiff be awarded compensatory damages against the Defendants individually in an amount in excess of $50,000.00 and punitive damages against each Defendant individually in an amount in excess of $50,000.00;

D. And for such other and further relief as the Court deems just and proper.

ROBERT LEE, Plaintiff

## COUNT II - VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

NOW COMES Plaintiff, ROBERT LEE, on his own behalf, pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §701 et. seq. and, for his Complaint against Defendants, CHA and WOODLAWN, alleges as follows:

1-14. Plaintiff re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-14 of Count I as paragraphs 1-14 of Count II as though fully set forth herein.

15. At all times relevant hereto there was in full force and effect Section 504 of the Rehabilitation Act of 1973.

16. To establish a prima facie case under Section 504 of the Rehabilitation Act, a plaintiff must demonstrate that: (1) he/she is disabled within the meaning of the Rehabilitation Act; (2) he/she is otherwise qualified for the benefit or services sought; (3) he/she was denied the benefit or services solely by reason of his/her disability; and (4) the program providing the benefit or services receives federal financial assistance. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *Weinrich v. Los Angeles Cnty. Metro Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997); 29 U.S.C. § 794(a). A "disability" is "a physical or mental impairment that substantially limits one or more major life activities of such individual." **42 U.S.C. § 12102(1)(A); 29 U.S.C. §705(9)(B).**

17. At all times relevant hereto, Plaintiff was a recipient of Supplemental Security Income Disability Benefits from the Social Security Administration and was and is a disabled person within the meaning of section 504.

18. Both before and at the time that he executed the lease referred to herein, Plaintiff informed Defendant, CHA, through its agent, LAVERNE CARTER, that he was a disabled person with a physical disability and that he required reasonable accommodations with respect to his rental of apartment 712 at 6401 S. Yale, Chicago, Illinois. Section 11(i) of Part I of the Lease Agreement provides that "Reasonable accommodations will be provided pursuant to Section 1 of the ACOP and the **CHA Reasonable Accommodation Policy and Procedure"**.

19. Plaintiff's first request for reasonable accommodations was during an Open House at the Vivian Carter Apartment occurring on August 27, 2011. Said request was submitted in writing on January 13, 2014. (See grievance and request attached hereto and incorporated by reference as Exhibit "D").

20. The accommodations requested by Plaintiff included, but were not limited to, an apartment with sufficient space and maneuvering area so that he would not risk injury or re-injury to his left and right upper extremity to which he had underwent, approximately, seven prior surgical procedures and suffered and continues to suffer from chronic and severe nerve injury and damage, pain and limitation of motion. An apartment with more space would have also minimized the risk of incidental contact to Plaintiff's upper extremities which could result in aggravation of nerve pain or re-injury.

21. At the time that he executed the lease for apartment 712, Plaintiff was informed by Defendant, CHA's agent, LAVERNE CARTER, that, if he required a unit with reasonable accommodations, he would have to be put on a waiting for another year.

22. Since Plaintiff had already waited one year to obtain an apartment with reasonable accommodations, and was facing eviction from his current apartment due to foreclosure, he felt pressured and compelled to accept apartment 712 without the requested accommodations.

23. To date, Defendant, CHA, has not provided Plaintiff with reasonable accommodations as required under 504 of the Rehabilitation Act and under the Lease Agreement executed by the parties.

24. That Defendant's conduct was willful, intentional and malicious and has caused Plaintiff severe emotional distress, embarrassment, humiliation and unnecessary pain and suffering.

**WHEREFORE,** Plaintiff, ROBERT LEE, respectfully requests relief as follows:

A. That Defendant's complaint be dismissed with prejudice and costs to Defendant;

B. That Plaintiff be awarded compensatory damages against Defendants individually in an amount in excess of $50,000.00 and punitive damages against each defendant individually in an amount in excess of $50,000.00.

C. For such other and further relief as the Court deems just and proper.

_____
ROBERT LEE, Plaintiff

## COUNT III
## VIOLATION OF CHA POLICY REGARDING GRIEVANCE AND REASONABLE ACCOMODATIONS

**NOW COMES** Plaintiff, ROBERT LEE, and for his Complaint against Defendant CHA for violation of CHA RESIDENT'S GRIEVANCE PROCEDDURE and CHA REASONABLE ACCOMMODATIONS POLICY AND PROCEDURE, states as follows:

1-24. Plaintiff re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-24 of Count II as paragraphs 1-24 of Count III as though fully set forth herein.

25. Part I, Section 17(a) of the Lease Agreement provides that "Disputes arising under the Lease shall be resolved pursuant to the **CHA RESIDENT'S GRIEVANCE PROCEDURE,** and any amendments thereto that are in effect at the time such grievances arise, incorporated herein by reference". (See copy of Grievance Procedure attached and incorporated herein by reference as Exhibit "E").

26. Pursuant to the Grievance Procedure, on or about January 13, 2014, Plaintiff ROBERT LEE tendered his written grievance to Defendant, CHA's agent, LAVERNE CARTER, regarding the conditions of his apartment as well as his request for reasonable accommodations.

27. After the receipt of Plaintiff's grievance, Defendant, CHA, was required to provide Plaintiff with both an informal and, if necessary, formal hearing regarding his grievance. (See paragraphs XI and XII of Grievance Procedure Exhibit "E").

28. Defendant, CHA, has failed and refused to provide Plaintiff with an appropriate hearing regarding his grievance or to substantially comply with the Grievance Procedure policy regarding informal hearing requests.

29. Paragraph IXB of the Chicago Housing Authority FY 2009 Grievance Procedure incorporated into the Lease Agreement provides as follows:

> "B. Actions Including Lease Termination: When the CHA or its property management Firm is required to afford the head of household the opportunity for a hearing under this Procedure for a grievance concerning the Lease termination (not including grievances described in Section V), *the tenancy shall not terminate, even if any notice to vacate under state or local law has expired,* until the time for the head of household to request a grievance hearing has expired, *and, if a hearing was timely requested by the head of household, the grievance process has been completed."* (emphasis mine).

Similar language is found in Part I, Section 17(d) of the Lease Agreement.

30. Pursuant to paragraph IV of the CHA FY2009 Grievance Procedure, Plaintiff has maintained an escrow account equal to the amount of rent due as of the first of the month preceding the month in which the act or failure to act took place. (See copy of escrow account statement attached hereto and incorporated herein by reference as Exhibit "F").

31. On May 22, 2014, Defendant, CHA, served upon Plaintiff a notice and demand for rent.

32. Although Plaintiff has provided Defendant, CHA, with a written grievance and has requested a hearing regarding the same, Plaintiff has never been provided with a proper informal or formal hearing with respect to his written grievance.

A. That Defendant CHA's Complaint be dismissed with prejudice for failure to comply with the terms of Chicago Housing Authority FY 2009 Grievance Procedure;

B. For an award in favor of Plaintiff and against Defendants individually in an amount in excess of $50,000.00 for compensatory damages and an amount in excess of $50,000.00 for punitive damages;

C. For such other and further relief as the Court deems just and proper.

_____
ROBERT LEE, Plaintiff

## COUNT IV - VIOLATION OF FAIR HOUSING AMENDMENT ACT (FHAA)-DISCRIMINATION

NOW COMES Plaintiff, ROBERT LEE, on his own behalf, pursuant to the Fair Housing Amendment Act, 42 U.S.C §3604, et. seq., (FHAA) and, for his Complaint against Defendant, CHA, alleges as follows:

1-32. Plaintiff re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-32 of Count III as paragraphs 1-32 of Count IV as though fully set forth herein.

33. At all times relevant hereto there was in existence in the Fair Housing Amendment Act (FHAA), 42 U.S.C. §3604 et. seq. which governed the lease agreement in the instant case. (Hereinafter referred to as the "Act").

34. Said Act prohibited discrimination "in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." **42 U.S.C. §3604(f)(1).**

35. Under the Act, discrimination is defined to include "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." **42 U.S.C. §3604 (f)(3)(B).**

36. To make out a claim of discrimination under the FHAA based on a failure to reasonably accommodate, a plaintiff must demonstrate that "(1) he suffers from a handicap as defined by the FHAA; (2) defendants knew or reasonably should have known of the plaintiffs handicap; (3) accommodation of the handicap 'may be necessary' to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation." **_Giebler v. M&B Assoc._** 343 F.3d 1143, 1147 (9th Cir. 2003). A "handicap" is "a physical or mental impairment which substantially limits one or more of such person's major life activities." **42 U.S.C. §302(h)(1).** Major life activities are "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working". 24 C.F.R. §100.201(b).

37. The "Act" further provides that "landlords must accommodate the needs of disabled tenants, within reason, at the landlord's own expense **(42 U.S.C. §3604(f)(3)(B).** A disabled tenant may expect a landlord to reasonably _adjust rules, procedures, policies, or services_ in order to give equal opportunity to use and enjoy of the dwelling, unit, or a common place.

38. The facts as stated above establish that Defendants unlawfully failed and refused to provide Plaintiff with reasonable accommodations as required under the "Act".

39. That Defendant's conduct was willful, intentional and malicious and has caused Plaintiff severe emotional distress, embarrassment, humiliation and unnecessary pain and suffering.

**WHEREFORE,** Plaintiff, ROBERT LEE, respectfully prays as follows:

A. That Defendant's Complaint be dismissed with prejudice and costs to Defendant;

B. That the Court enter Judgment in favor of Plaintiff and against Defendants individually in an amount in excess of $50,000.00 for compensatory damages and individually in an amount in excess of $50,000.00 for punitive damages.

C. For such other and further relief as the Court deem just and proper.

_____

ROBERT LEE, Plaintiff

## COUNT V - INTERFERENCE OR INTIMIDATION

NOW COMES Plaintiff, ROBERT LEE, on his own behalf, pursuant to the Fair Housing Amendment Act, 42 U.S.C §3617 and, for his Complaint against Defendant, CHA, and WOODLAWN, alleges as follows:

1-35.  Plaintiff re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-35 of Count IV as paragraphs 1-35 of Count V as though fully set forth herein.

36.  At all times relevant hereto there was in existence **42 U.S.C. §3617** which makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title".

37.  Plaintiff alleges that Defendants CHA and WOODLAWN violated this law by:  (1) refusing to provide the requested accommodations; (2) imposing unreasonable restrictions on the Plaintiff's ability to use his residence, (including but not limited to arbitrarily restricting his ability to receive guests, even members of his own family; (3) refusing to appropriately train management and staff regarding the handling of lawful requests for reasonable accommodations; (4) unlawfully interfering with Plaintiff's receipt of his federally protected mail, and (5) engaging in other conduct designed to repeatedly harass and humiliate Plaintiff.

12

38. That Defendant's conduct was willful, intentional and malicious and has caused Plaintiff severe emotional distress, embarrassment, humiliation and unnecessary pain and suffering.

**WHEREFORE,** Plaintiff, ROBERT LEE, respectfully prays as follows:

A.  That Defendant CHA's Complaint be dismissed with prejudice and costs to Defendant;

B.  That the Court enter an monetary award in favor of Plaintiff and against Defendants individually in the amount in excess of $50,000.00 for compensatory and in an amount in excess of $50,000.00 for punitive damages;

C.  For such other and further relief as the Court deems just and proper.

_____

ROBERT LEE, Plaintiff

## COUNT VI - AMERICANS WITH DISABILITIES ACT

NOW COMES Plaintiff, ROBERT LEE, on his own behalf, pursuant to the Americans with Disability Act, (ADA), 42 U.S.C. §121132 and, for his Complaint against Defendants alleges as follows:

1-35. Plaintiff re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-35 of Count V as paragraphs 1-35 of Count VI as though fully set forth herein.

36. At all times relevant hereto there was in existence 42 U.S.C. §12132, (AMERICANS WITH DISABILITIES ACT), (hereinafter referred to as the ADA), which provided that public entities may not discriminate against individual with disabilities.

37. The ADA further provided that a "qualified individual with a disability" has the right not to be excluded from participation in the services, programs, or activities of a public entity because of disability, denied benefits based on disability, or subjected to discrimination based on disability. **42 U.S.C. §12132.** "The requirements for reasonable accommodations

under the ADA are the same as those under the FHAA". **_Gile v. United Airlines, Inc.,_** 95 F.3d

492, 497 (7th Cir. 1996).

35. By virtue of the conduct described in Counts III, IV and V above, Defendant has

unlawfully discriminated against Plaintiff in connection with his tenancy of the above-

mentioned apartment.

36. Defendant's conduct was willful, intentional and malicious and has caused Plaintiff

severe emotional distress, embarrassment, humiliation and unnecessary pain and suffering.

WHEREFORE, Plaintiff, ROBERT LEE, respectfully requests relief as follows:

A. That Defendant's Complaint be dismissed with prejudice and costs to Defendant;

B. That the Court enter an award in favor of Plaintiff and against Defendants

individually in an amount in excess of $50,000.00 for compensatory damages in an amount in

excess of $50,000.00 and for punitive damages.

C. For such other and further relief as the Court deems just and proper.

ROBERT LEE, Plaintiff

## **CERTIFICATION**

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, (735 ILCS 5/1-109), the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that he/she verily believes the same to be true.

Dated: July 15, 2014

ROBERT LEE

Robert Lee
6401 S. Yale, Apt. 712
Chicago, IL 60621
(773) 639-9169